# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

UNITED STATES OF AMERICA

VS.                                    CASE NO: 6:18-cr-175-Orl-40GJK

FRANK MANION MILES, III

_____/

## <u>ORDER</u>

This cause is before the Court on Defendant's Motion to Sever Count One and Two from Count Three in the Indictment. (Doc. 11). The Government has filed a Response in Opposition. (Doc. 13). Upon due consideration, the Defendant's Motion to Sever is denied.

## I.    BACKGROUND

The Defendant is charged in Count One of the Indictment with transporting child pornography during a three-month period beginning in December 2015 and ending in March 2016. (Doc. 1). Count Two alleges the Defendant possessed child pornography on May 4, 2016. (*Id.*). Defendant Miles is charged in Count Three with attempting to persuade, induce, or entice a minor to engage in sexual activity during a ten-day period in early 2018. (*Id.*). The grand jury returned the indictment on July 25, 2018. (*Id.*).

The Defendant argues he will be prejudiced if the child pornography and enticement charges proceed together and seeks relief under Fed. R. Crim. P. 14(a). (Doc. 11). The Government submits that joinder is proper, because the character of the charges is similar and even if severance is granted the offense conduct underlying the severed count(s) is admissible pursuant to Fed. R. Evid. 404(b). (Doc. 13, pp. 6–7).

## II.    DISCUSSION

Fed. R. Crim. P. 8(a) provides that an individual may be charged in separate counts with two or more offenses "if the offenses charged . . . are of the same or similar character . . . ." Defendant concedes that possession and transportation of child pornography and enticement of a minor are sufficiently similar to render their joinder proper. (Doc. 11, p. 2). The Defendant argues that joinder, while technically proper, will result in prejudice because the jury will be inflamed by the child pornography evidence and will be more likely to convict him of soliciting sex with a minor. (*Id.* at pp. 2–3). The Government counters that the evidence pertaining to possession and transportation of child pornography is not more inflammatory than evidence of attempted molestation of a 14-year-old, albeit notional, child. (Doc. 13, pp. 6–7). *United States v. Hersh*, 297 F.3d 1233, 1243 (11th Cir. 2002). The Court agrees that it is far from apparent that a jury would consider viewing images depicting child pornography as significantly more egregious conduct than a 31-year-old man enticing a 14-year-old into sexual activity.

The Government compliments this argument by stating the obvious: in a trial for enticement of a minor, evidence of a persistent interest in sexually-explicit activity engaged in by small children is probative of intent, lack of mistake, and motive. (Doc. 13, p. 7). The Government proffers, without challenge or objection by the defense, that on May 4, 2016, a search warrant was executed on Defendant's residence, and videos depicting child pornography were recovered from his laptop computer and iPhone. (Doc. 13, p. 2). Thereafter, agents obtained a search warrant for Defendant's Dropbox and Yahoo accounts where he had stored child pornography. (*Id.*). While charges for those crimes were pending in state court, Defendant allegedly created a fictious profile on a

social network popular with teenagers, posed as a 17-year-old boy and solicited sex with a 14-year-old girl who was in reality the same law enforcement officer that arrested him on the child pornography charges. (*Id.* at p. 3).[1]

The Eleventh Circuit in *Hersh* held that child molestation and possession of child pornography are similar in character and that Congress has acknowledged the link between pedophilic behavior and child pornography. *See Hersh*, 297 F.3d at 1242. The well-recognized linkage between viewing child pornography and seeking physical contact with a minor leads the Court to conclude—as if commonsense were not enough—that transporting and possessing child pornography is relevant to prove motive and intent to engage in a contact offense.[2] Conversely, evidence that Defendant solicited sex with a minor after being arrested for possessing and transporting child pornography is relevant to demonstrate lack of mistake; that is, to prove intent and motive to possess child pornography. Rule 404(b) renders the totality of the charged offense conduct admissible. *See United States v.* Carino, 368 F. Appx. 929 (11th Cir. 2010) (evidence of child molestation was properly admitted in a prosecution for possessing child pornography). Hence, there is no undue prejudice in trying all offense conduct at once. The Court will of course instruct the jury on how to proceed when multiple crimes are charged in one indictment.

---

[1]   The Government further proffers that Defendant Miles also pretended to be a 17-year-old female and enticed another 17-year-old female to engage in sexual activity and to send him images of that conduct. (Doc. 13, p. 4 n.1).

[2]   Not to anticipate the defense in this case, but one can easily conjure a defense that the messages between Defendant and the notional child was merely fantasy role-playing. The prior collection of child pornography is relevant to prove intent and motive.

### III. CONCLUSION

For the foregoing reasons Defendant's Motion to Sever (Doc. 11) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on September 14, 2018.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties